IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSUE POLANCO,

        Plaintiff,

v.                            Civil Action No. 18-0331-CFC

AMGUARD INSURANCE COMPANY,

        Defendant.

---

John S. Spadaro, JOHN SHEEHAN SPADARO, LLC, Smyrna, Delaware

*Counsel for Plaintiff*

Michael R. Abbott, CIPRIANI & WERNER, P.C., Wilmington, Delaware

*Counsel for Defendant*

**MEMORANDUM OPINION**

December 6, 2018
Wilmington, Delaware

_[signature]_
CONNOLLY, UNITED STATES DISTRICT JUDGE

Pending before me are two related motions. The first is Plaintiff Josue Polanco's motion to remand this case to the Superior Court of the State of Delaware from which it was removed to this Court by Defendant Amguard Insurance Company. D.I. 3. The second is Amguard's Motion for Leave to Perform Discovery in Order to Respond to Plaintiff's Motion to Remand. D.I. 6. For the reasons discussed below, I will reserve decision on Polanco's remand motion and grant Amguard's discovery motion.

## I. BACKGROUND

Polanco initiated this tort action against Amguard with the filing of his complaint in the Superior Court of Delaware on January 29, 2018. D.I. 1-1 at 1. Polanco sought in his complaint (1) a declaratory judgment that Amguard had failed to make reasonably timely payment of workers' compensation benefits owed to Polanco for the injuries and disability he suffered as a result of a work-related truck accident in August 2015; (2) compensatory and punitive damages for Amguard's "bad faith" breach of its workers' compensation insurance contract with Polanco's employer; and (3) compensatory and punitive damages for intentional infliction of emotional distress. _Id._ at 1, 13–15. Consistent with

Delaware Superior Court Civil Rule 9(g), Polanco did not demand or identify in his complaint a specific amount of damages.

On February 28, 2018, Amguard filed a notice of removal in this Court pursuant to 28 U.S.C. § 1446. Amguard alleged in its notice that because of the diversity of Polanco's and Amguard's citizenships and "because [Polanco] is believed to be seeking compensatory damages in excess of $75,000, this Court has original jurisdiction over all of [Polanco's] state law claims." D.I. 1 at 2.

On March 21, 2018, Polanco filed his motion to remand (D.I. 3) and a memorandum in support of his motion (D.I. 4). On April 4, 2018, Amguard filed its response to Polanco's motion (D.I. 5) and its own motion for leave "to perform discovery in order to respond to" Polanco's motion (D.I. 6).

Amguard asserted in its response that it had paid Polanco approximately $77,933.88 in indemnity payments related to his workers' compensation claim. D.I. 5 at 3. It cited in support of this assertion, and attached as an exhibit to its response, what appears to be an internal spreadsheet maintained by Amguard for Polanco's workers' compensation claim. Amguard also attached to its response (1) a stipulation filed by Polanco and his employer with Delaware's Industrial Accident Board ("IAB"), the quasi-judicial body before which Polanco's workers' compensation claim was adjudicated; and (2) the IAB's decision on Polanco's Petition to Determine Compensation Due. Amguard cited these two documents as

2

support for its assertions that Polanco had incurred medical expenses of $16,043.44 and "indemnity expenses" of $25,446.31 as of October 2016 and had been awarded $12,669.72 in attorney fees by the IAB. D.I. 5 at 3. Amguard argued in its response that Polanco's "main goal seems to be to obtain punitive damages for the alleged bad faith breach of contract and punitive damages for the alleged reckless infliction of emotional distress." D.I. 5 at 3–4. Amguard stated further that it "belie[ved] that [Polanco] is evaluating his case using these numbers" (i.e., the identified sums for indemnity payments, medical expenses, and attorney fees) and that these numbers "take [Polanco's] evaluation above the threshold" of the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a). *Id.* Finally, Amguard argued that "[i]n the alternative" (D.I. 5 at 4), the Court should grant its separate motion for leave to conduct discovery "for the limited purpose of addressing the amount in controversy" (D.I. 6 at 3).

Polanco filed a reply memorandum in support of his remand motion and in opposition to Amguard's discovery motion on April 10, 2018. D.I. 7. He also filed in June and July 2018 two letters in further support of his position. D.I. 8; D.I. 9. Polanco has offered no evidence with respect to the amount in controversy to counter the evidence offered by Amguard in its response.

3

The case was reassigned to me on September 24, 2018. I have studied the parties' filings and do not believe that oral argument is necessary or would be helpful for me to decide the pending motions.

## II. LEGAL STANDARDS

"[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'" pursuant to 28 U.S.C. § 1446(a). *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal "shall be filed within 30 days" of the defendant's receipt "through service or otherwise, of a copy" of the plaintiff's state-court complaint. § 1446(b).

"When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met." *Dart*, 135 S. Ct. at 553. Section 1332(a) of Title 28 requires that the amount in controversy exceed $75,000. "When the plaintiff's complaint [filed in state court] does not state the amount in controversy, the defendant's notice of removal may do so." *Id.*; *see also* § 1446(c)(2)(A)(ii) ("[T]he notice of removal may assert the amount in controversy . . . if the initial pleading seeks a money judgment[] but the State practice . . . does not permit demand for a specific sum . . . .").

The amount-in-controversy allegation in a removal notice filed pursuant to § 1446(a) "should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 135 S. Ct. at 553. If the plaintiff contests the defendant's allegations, then "both sides [are to] submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. The court may permit the parties to take discovery on the question of whether the amount in controversy meets the jurisdictional threshold of § 1332(a). *See id.* ("[D]efendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question.") (quoting H.R. Rep. No. 112-10, p. 16 (2011)).

### III. DISCUSSION

Polanco argues that remand is required because of three deficiencies in Amguard's removal notice. Polanco intentionally decided not to offer evidence to counter Amguard's assertion that the amount in controversy exceeds $75,000 and the documentary evidence Amguard submitted with its response in support of that assertion. I will first address Polanco's arguments about the removal notice's deficiencies and then consider the implications of his decision not to offer opposing evidence with respect to the amount in controversy.

5

## A. Polanco's Arguments That Amguard's Removal Notice is Deficient

Polanco contends that Amguard's removal notice is deficient for three reasons. He argues first that remand is required because Amguard's removal notice "offers no evidence of the amount in controversy." D.I. 4 at 1; *see also id.* at 2 (arguing that "Amguard has defaulted on its burden of proving the jurisdictional amount"). He next argues that Amguard's removal notice "fails" because its allegation of the amount in controversy is "conclusory" and "do[es] not meet the plausibility threshold," which Polanco claims was established by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). D.I. 4 at 4. Finally, Polanco argues that Amguard's notice "fails" because it states an amount in controversy "upon information and belief." *Id.* I am persuaded by none of these arguments.

First, in *Dart*, the Supreme Court expressly rejected the argument that a notice of removal must offer evidence of the amount in controversy. The Court could not have been clearer on this point. In the Court's words, a removal notice "need not contain evidentiary submissions," and "evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the allegation." *Dart*, 135 S. Ct. at 551, 554. As the Court noted in *Dart*: "Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those

allegations." *Id.* at 554 (emphasis in original). Thus, unless and until a plaintiff or the court questions the defendant's amount-in-controversy allegation set forth in the removal notice, a defendant need not offer evidence to establish that the amount-in-controversy requirement of § 1332(a) is met.

Second, a defendant's "conclusory" assertion in the removal notice that the amount in controversy meets the $75,000 threshold of § 1332(a) does not render the notice deficient or deprive this Court of jurisdiction. "Conclusory" means "consisting of or relating to a conclusion or assertion *for which no supporting evidence is offered.*" MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY 258 (11th ed. 2005) (emphasis added). As just noted, the Court unambiguously held in *Dart* that a defendant need not offer evidence in its removal notice to support an amount-in-controversy allegation. Thus, as a matter of logic, Polanco's argument cannot stand in the face of *Dart*'s holding.

It is also clear from the text of *Dart* that the Court understood that a defendant's removal notice will typically make a conclusory allegation of the amount in controversy when a plaintiff's state-court complaint does not specify that amount. Quoting with approval from a House Judiciary Committee Report on § 1446, the Court stated in *Dart* that "defendants may simply allege or assert [in a removal notice] that the jurisdictional threshold has been met." *Id.* at 554 (quoting H.R. Rep. No. 112-10, p. 16).

Polanco asks me to focus on the paragraph in *Dart* that immediately follows the statement quoted by the Court from the House Judiciary Committee Report. In that paragraph, the Court stated that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See id.* Polanco argues that "[i]n the wake of *Iqbal* and *Twombly* . . . it is axiomatic that conclusory allegations do not meet the plausibility threshold." D.I. 5 at 4. But neither *Twombly* nor *Iqbal* hold that a conclusory allegation of the amount in controversy is implausible or otherwise inadequate. *See Twombly*, 550 U.S. at 555–57 (holding that a plaintiff's complaint must offer more than "labels and conclusions" when alleging a violation of the Sherman Act); *Iqbal*, 556 U.S. at 680–81 (applying test from *Twombly* and finding that plaintiff failed to state a plausible claim for purposeful and unlawful discrimination in his complaint). In any event, *Dart*, which was decided after *Twombly* and *Iqbal*, makes clear that a simple allegation or assertion of the amount in controversy is plausible if made in good faith. *See* 135 S. Ct. at 553 (noting that "when a plaintiff invokes federal court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith" and "[s]imilarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"); *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 276 (1977) ("[T]he

8

sum claimed by the plaintiff controls if the claim is apparently made in good faith.") (alteration in original) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)); *Mankodi v. Trump Marina Assocs., Inc.*, 525 F. App'x 161, 162 (3d Cir. 2013) (holding that amount-in-controversy allegation that damages were "in excess of $75,000" was "adequately pleaded" where "[t]here [wa]s no indication that [the plaintiff] asserted [his] claims in bad faith").

Third, because the operative question in determining the adequacy of an amount-in-controversy allegation for pleading purposes is whether the defendant alleged the amount in good faith, it is irrelevant that the defendant made the allegation upon information and belief. When the plaintiff's complaint is silent with respect to the amount of damages sought, one would expect that in almost all cases (and certainly in all cases where punitive damages are sought) that a defendant could *only* allege an amount in controversy on the bases of information and belief. Unless the plaintiff has disclosed the amount of damages he intends to seek, the defendant would have no way of knowing that amount. In this case, Amguard asserted in its removal notice that "because [Polanco] is believed to be seeking compensatory damages in excess of $75,000, this Court has original jurisdiction over all of [Polanco's] state law claims." D.I. 1 at 2. Because there is no indication that the allegation was made in bad faith, the allegation is adequately pled. *Cf. Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir. 1985) ("The

9

effectiveness of the removal petition was not vitiated by the fact that in an abundance of caution it characterized the information about [the plaintiff's] citizenship as being based on information and belief.").

In sum, I reject Polanco's arguments that the amount-in-controversy allegation in Amguard's removal notice was deficient.

### B. Polanco's Decision Not to Offer Opposing Evidence

As the Court noted in *Dart*, Congress's passage of § 1446(c)(2)(b) in 2011 "clarifie[d] the procedure in order when a defendant's assertion of the amount in controversy [in a removal notice] is challenged." 135 S. Ct. at 554. *Dart* leaves no doubt what the procedure is: "[*B*]*oth* sides [are to] submit proof" and then the court is to "decide[], by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (emphasis added). The Court in *Dart* also made clear that post-removal discovery is allowed to determine whether § 1332(a)'s jurisdictional amount is satisfied: "Discovery may be taken with regard to th[e] question" of the amount in controversy. *Id.* (quoting H.R. Rep. No. 112-10, p. 16).

Polanco first challenged Amguard's amount-in-controversy allegation in his remand motion. In its response to that motion, Amguard submitted a copy of the IAB's decision on Polanco's workers' compensation claim, a stipulation filed by Polanco with the IAB, and a spreadsheet to support Amguard's assertions that

Polanco incurred at least $77,000 in indemnifiable expenses (principally lost wages and medical expenses resulting from his work-related accident) and $12,500 in attorney fees to litigate his workers' compensation claim before the IAB. Amguard says that it "believes" that Polanco "used" these numbers when he made an evaluation of the amount of punitive damages he hoped to recover and that these numbers "take [that] evaluation above" the $75,000 threshold of § 1332(a). D.I. 5 at 3–4.

In his reply memorandum, Polanco does not challenge the authenticity of the documents submitted by Amguard or the accuracy of the indemnity payment, medical expense, and attorney fee sums cited by Amguard. And although Polanco correctly notes in his reply memorandum that a workers' compensation claim is distinct from a bad faith claim that arises out of the insurer's handling of the underlying workers' compensation claim, he does not deny Amguard's commonsense assertion that Polanco's ultimate demand for damages in this case will be based in part on the amount of Polanco's indemnifiable expenses and attorney fees.

Notwithstanding the fact that both parties quoted *Dart* in their filings, and Amguard quoted specifically *Dart*'s teaching that, when a removal notice's amount-in-controversy allegation is challenged, "both sides [are to] submit proof" (D.I. 5 at 2), Polanco elected not to submit any evidence to counter the evidence

offered by Amguard. There is no doubt that Polanco's decision not to offer opposing evidence was calculated. He argues in his reply memorandum that because Amguard did not plausibly allege the amount in controversy in its removal notice, "Polanco has never been called upon to prove (or even allege) the amount in controversy[,] and he has been careful to avoid any word or action that might relieve Amguard of its burden of proof." D.I. 7 at 8.

Polanco asks me to ignore Amguard's evidentiary submission because it was made after § 1446(b)(1)'s 30-day deadline to file a removal notice (i.e., 30 days after Amguard's receipt of Polanco's state-court complaint). According to Polanco, the 30-day deadline "is jurisdictional in nature, and therefore cannot be enlarged[,]" and Amguard "cannot rely on substantively new grounds for removal tha[t] were [not] stated in the original notice." D.I. 7 at 3.

As an initial matter, Amguard's evidentiary submission did not add a new substantive ground for removal jurisdiction but only provided evidentiary support for the amount-in-controversy allegation it made in its removal notice. I also do not see how Polanco's argument that such a submission must be made within § 1446(b)(1)'s 30-day deadline can be reconciled with *Dart*'s holding that "evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the allegation." 135 S. Ct. at 554. A plaintiff contests the adequacy of the removal notice's amount-in-controversy

allegation by filing a remand motion. Section 1447(c) gives a plaintiff up to 30 days after the filing of the removal notice to file its remand motion. Thus, for *Dart*'s holding to have any meaning, it cannot be the case that a removing defendant's evidentiary submission must be made within § 1446(b)(1)'s 30-day deadline. Under Polanco's theory, even if a defendant filed its removal notice on the same day it received the plaintiff's state-court complaint, the plaintiff could wait 30 days to file its remand notice and thereby prevent the defendant from ever having the opportunity to rebut the plaintiff's challenge to the removal notice's amount-in-controversy allegation.

The cases cited by Polanco for the proposition that § 1446(b)(1)'s 30-day window cannot be extended are not from this circuit and are, in any event, inapposite. They address situations where the removal notice was filed after the 30-day period had expired or where the defendant sought to do more than simply clarify or add specificity to the grounds alleged in the notice after the 30 days had run. *See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (barring defendant from amending notice of removal after expiration of 30-day deadline "to state alternative bases for removal jurisdiction"); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988) (barring amendment of removal notice after 30-day deadline "to add a separate basis for removal jurisdiction"); *Harris Corp. v. Kollsman, Inc.*, 97 F.

13

Supp. 2d 1148, 1150, 1153 (M.D. Fla. 2000) (remanding case when notice of removal was filed 104 days after plaintiff's state-court complaint was served on defendant); *Castle v. Laurel Creek Co.*, 848 F. Supp. 62, 66 (S.D.W. Va. 1994) (barring amendment of removal notice after 30-day deadline to allege that plaintiff, in attempt to defeat federal diversity jurisdiction, had fraudulently joined one of the defendants in plaintiff's state-court complaint).

More important, Polanco fails to cite 28 U.S.C. § 1653 (providing that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial and appellate courts"); *Willingham v. Morgan,* 395 U.S. 402, 407 n.3 (1969) (upholding removal where jurisdictional facts required to support removal were contained in later-filed affidavits); or the Third Circuit's decision in *USX Corp. v. Adriatic Insurance Co.*, 345 F. 3d 190 (3d Cir. 2003). As the court held in *USX*:

> Although we are mindful that courts construe removal statutes strictly with all doubts resolved in favor of remand, *see Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), we are satisfied that sections 1446(a) and 1653, together with the Supreme Court's opinion in *Willingham*, permit a court to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where, as here, those facts merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice.

345 F.3d at 205 n.12. Thus, even if *Dart* could be read as having left open the question of whether the evidence and discovery it allows must be submitted to the

court within § 1446(a)'s 30-day window — and I do not think it can be reasonably read that way — *USX* and *Dart* read together make clear that the court may consider evidence that clarifies or supports a removal notice's amount-in-controversy allegation and may permit discovery regarding such evidence after the 30-day period has run.

Because Polanco intentionally ignored *Dart*'s explicit teaching that both sides are to submit proof when the amount-in-controversy allegation is challenged, I am tempted to deny Polanco's remand motion outright based on the unrebutted evidence offered by Amguard. Instead, I will reserve decision on Polanco's remand motion, grant Amguard's motion to take discovery for the limited purpose of addressing the challenged amount in controversy, and permit both parties to file competing evidentiary submissions regarding the amount in controversy after such discovery is concluded.[1]

---

[1] Polanco urges me to follow the Eleventh Circuit's holding in *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007) that courts "should not reserve ruling on a motion to remand in order to allow defendant to discover the potential factual basis of jurisdiction." *Lowery*, however, was decided seven years before *Dart*; and, for the reasons discussed above, to the extent its holding was intended to bar post-removal discovery regarding the amount in controversy, it was overruled by *Dart*.

Polanco also relies heavily in his briefing on *Vizant Technologies, LLC v. Ocean State Jobbers, Inc.*, 2015 WL 500480 (E.D.P.A. Feb. 5, 2015), in which the court stated that a conclusory amount-in-controversy allegation based on information and belief is not a "plausible allegation" and renders a removal notice deficient. D.I. 4 at 1, 3. I agree that language in *Vizant* supports Polanco's

## IV. CONCLUSION

For the foregoing reasons, I will reserve decision on Plaintiff's Motion to Remand (D.I. 3) and grant Defendant's Motion for Leave to Perform Discovery in Order to Respond to Plaintiff's Motion to Remand (D.I. 6).

The Court will issue an order consistent with this Memorandum Opinion.

---

position, but that language is arguably *dicta*, as the plaintiff in *Vizant* had attached to its complaint "an exhibit referencing a loss of $45,000" and, after the plaintiff challenged the amount in controversy, the defendant "elected not to submit evidence that the amount in controversy exceed[ed] $75,000." 2015 WL 500480, at *3. In any event, I do not think the language from *Vizant* on which Polanco relies can be squared with *Dart*; nor do I think it is consistent with *Doyle*, 429 U.S. at 276 (stating that the amount in controversy claimed by the plaintiff "controls if the claim is apparently made in good faith") (internal citation omitted); *Mankodi*, 525 F. App'x at 162 (holding that amount-in-controversy allegation that damages were "in excess of $75,000" was "adequately pleaded" where "[t]here is no indication that [the plaintiff] asserted [his] claims in bad faith"); and *Lewis*, 757 F.2d at 68–69 ("The effectiveness of the removal petition was not vitiated by the fact that . . . it characterized the information about [the plaintiff's] citizenship as being based on information and belief.").